IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN D. F., | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 18-CV-534-JFJ |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff John D. F. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), and 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.   General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established

by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Procedural History and the ALJ's Decision

Plaintiff, then a 46-year-old male, applied for Title II disability insurance benefits on April 1, 2015, alleging a disability onset date of March 7, 2007.[1] R. 73, 216-219. Plaintiff's claims for benefits were denied initially on June 18, 2015, and on reconsideration on November 17, 2015. R. 130-149. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a hearing on June 28, 2017. R. 102-129. The ALJ issued a decision on September 6, 2017, denying benefits and finding Plaintiff not disabled between March 7, 2007, and his date last insured of December 31, 2010, because he was able to perform other work existing in the national economy. R. 70-89. The Appeals Council denied review, and Plaintiff appealed. R. 1-6; ECF No. 2.

---

[1] Plaintiff's date last insured for purposes of Title II benefits is December 31, 2010. R. 74, 75. This decision covers a closed period between March 7, 2007, and December 31, 2010. Plaintiff was 38 years old on the alleged onset date. R. 216.

3

The ALJ found that Plaintiff met the insured status requirements for Title II benefits through December 31, 2010, and had not engaged in substantial gainful activity since the alleged onset date of March 7, 2007. R. 75. At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbosacral spine, and injuries to the left and right knees. R. 76. He additionally found that Plaintiff's depression caused no more than minimal limitation in his ability to perform basic mental work activities, and was therefore a non-severe impairment. *Id.* In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had mild limitation in the areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and no limitation in the area of adapting or managing oneself. *Id.* The ALJ found Plaintiff's "history of right collarbone and shoulder impairment" were not an issue or treated prior to his date last insured. *Id.* At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 76-77.

After evaluating the objective and opinion evidence, and Plaintiff's statements, the ALJ concluded that through his date last insured, Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work as follows:

> The claimant had the residual functional capacity to lift and/or carry, push and/or pull 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk for two hours out of an 8-hour workday, sit for 6-8 hours out of an 8-hour workday, and must be able to change positions as needed for comfort. He cannot stoop, kneel or crawl, but could occasionally reach above the shoulder/head and reach in all other directions.

R. 77. At step four, the ALJ found Plaintiff unable to perform his past relevant work as a firefighter or paramedic because both exceeded his RFC. R. 87. Based on the testimony of a vocational expert ("VE"), the ALJ found at step five that Plaintiff could perform other unskilled sedentary work, such as Semiconductor Bonder. R. 88. The ALJ determined the VE's testimony was

4

consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 88. Based on the VE's testimony, the ALJ concluded this position existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled at any time from March 7, 2007, through December 31, 2010.

**III.  Issues and Analysis**

Plaintiff raises three allegations of error on appeal: (1) that the ALJ's decision is "not supported by substantial evidence or current legal standards"; (2) that the ALJ failed to properly weigh Plaintiff's treating source opinions; and (3) that the ALJ "erred in finding that [Plaintiff] retained the capacity to perform the full range of sedentary functions and by applying the medical vocational guidelines." ECF No. 18 at 3.

For the reasons explained below, the Court reverses the decision based on issues raised in the second and third allegations of error. Specifically, the ALJ erred in his treatment of the opinion of Dr. James C. Slater, by giving the opinion "great weight" but then omitting Dr. Slater's reaching restrictions from the RFC. The error was not harmless, because the job identified by the VE would be precluded if Dr. Slater's opinion were adopted in full. The Court does not reach Plaintiff's other points of error.

**A.  Legal Standard – Treating Source Opinion**

Generally, the ALJ should give more weight to medical opinions from a claimant's "treating sources," which means an acceptable medical source who has had an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1527(a)(2) & (c)(2). The ALJ must give an opinion from a treating source "controlling weight," if it is both "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other

5

substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

If a treating source's medical opinion is not given controlling weight, the opinion is still entitled to deference, and the ALJ must provide "good reasons" for the weight given. 20 C.F.R. § 404.1527(c)(2). The ALJ must consider the following six factors: (1) the examining relationship; (2) the length, nature, and extent of the treatment relationship; (3) supportability of the opinion with relevant evidence; (4) consistency of the opinion with the record as a whole; (5) specialization of the medical source; and (6) any other factors that may support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). If an ALJ rejects the treating source's opinion, he must give "specific, legitimate reasons" for doing so, based on an evaluation of all the regulatory factors. *Watkins*, 350 F.3d at 1301. Although the ALJ's decision "need not include an *explicit* discussion of each factor," the record must reflect that the ALJ considered every relevant factor in the weight calculation. *Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009). The question for the reviewing court is whether the ALJ's decision contains specific reasons that make clear the weight assigned to the medical source opinion and the reasons for that weight. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (stating that the proper inquiry is whether the reviewing court "can follow the adjudicator's reasoning" and "can determine that correct legal standards have been applied").

### B.  ALJ Failed to Follow Correct Legal Standards and Failed to Give Reasons for Rejecting Dr. Slater's Reaching Restriction

Dr. Slater performed lumbar surgery on Plaintiff in 2006 after he suffered a workplace injury in 2004. *See* R. 849-858 (history of prior injuries leading to surgery). Approximately six months post-surgery, Dr. Slater assessed Plaintiff with the permanent restrictions of lifting, pushing and/or pulling a maximum of ten pounds, restricted reaching away from his body, with no

squatting, climbing, or stooping, and that Plaintiff needed a primarily sitting position that allowed position changes for comfort. R. 354, 863. Dr. Slater again imposed the same permanent restrictions in November 2006. R. 873. Plaintiff's records with Dr. Slater show varied results over the three-year period in question. Importantly, Dr. Slater never removed the permanent restrictions imposed post-surgery.

The ALJ gave Dr. Slater's opinions regarding Plaintiff's functional limitations "great weight." R. 86. In his RFC, the ALJ's language largely mirrored the limitations found by Dr Slater. R. 77. However, the ALJ found Plaintiff could "occasionally reach above the shoulder/head and reach in all other directions," *see* R. 77, which contradicts Dr. Slater's finding that Plaintiff had "restricted reaching away from his body," *see* R. 354. Thus, the ALJ gave great weight to Dr. Slater's opinion and adopted most of it but then rejected Dr. Slater's reaching restriction.

The next question is whether the ALJ offered specific, legitimate reasons for rejecting the reaching restriction. The ALJ's discussion of Dr. Slater's opinion consists of the following:

> Dr. Slater provided a residual functional capacity, which is noted as a medical source statement, and incorporated into the residual functional capacity outlined above (Exhibit 2F, page 8). This has been given great weight, as far as the residual functional capacity only. The remainder of the opinions from Dr. Slater, as well as various other physicians was made in the context of workers compensation evaluations and treatment and, such statements, made in the context of a state workers' compensation claim, are not dispositive of a claim made under Social Security. In a workers' compensation evaluation, the issue is a claimant's capacity to perform work existing with a particular employer. By contrast, under Social Security, the issue is the claimant's residual functional capacity to perform work that exists in the much broader, national economy. While a workers' compensation finding of temporary total disability may have some value in assessing the residual functional capacity of a Social Security claimant, it cannot be given controlling weight. Accordingly, I give only some weight to the claimant being on temporary disability pursuant to state law.
>
> Social Security Ruling 96-5p states, in pertinent part, that some issues are not medical issues, but are administrative findings. Examples of such issues are what

> an individual's residual functional capacity is or whether they are disabled. Treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.

R. 86-87.  The Court finds the ALJ did not provide specific, legitimate, or clear reasons for omitting Dr. Slater's restriction on reaching away from the body, while also giving his medical source statement and RFC opinion great weight.  The reaching restriction was part of the RFC opinion, and not part of the workers' compensation claim analysis mentioned by the ALJ.  Further, Dr. Slater did not infer that the reaching restriction was limited to a workers' compensation claim.  Under these circumstances, the Court finds the ALJ failed to apply correct legal standards.  *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (holding that ALJ "should have explained why he rejected four of the moderate restrictions on [treating doctor's] RFC assessment while appearing to adopt the others"); *Tarver v. Colvin*, No. CIV-14-292-SPS, 2016 WL 866331, at *4 (E.D. Okla. Mar. 3, 2016) (reversing where ALJ gave "great weight" to consultative examiner's opinion but rejected without explanation examiner's postural, standing, and walking limitations); *Wynn v. Colvin*, No. 14-CV-0436-CVE-TLW, 1015 WL 6690243, at *4 (N.D. Okla. Nov. 2, 2015) (finding a "critical omission" where ALJ gave "great weight" to psychologist's opinion but "provided no explanation in his decision for not including in his RFC determination, the moderate limitation [the psychologist] had assessed in plaintiff's ability to deal with normal work stress").

### C. ALJ's Error Was Harmful

The Court further concludes the ALJ's error is not harmless.  Harmless error doctrine applies only in the "exceptional circumstance" where the court could confidently say that no reasonable administrative factfinder could have resolved the factual matter in any other way.  *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).  To the extent any harmless-error determination "rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule

against post hoc justification of administrative action." *Id.* Here, Dr. Slater's opinion regarding Plaintiff's physical limitations reflect functional limitations beyond those considered in the RFC, and it is unclear to the Court what medical evidence contradicts it. Further, at the hearing, the ALJ asked the VE if the only job she identified with the hypothetical question which was ultimately adopted as Plaintiff's RFC would remain "if no reaching away from the body was permitted." The VE answered, "No reaching away from the body, no it would not," thus eliminating any jobs. R. 128. Accordingly, the Court cannot conclude a reasonable factfinder would reach a different conclusion if Dr. Slater's opinion on reaching restrictions were adopted.

### IV.    Conclusion

The ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order. On remand, the ALJ should properly consider the relevant opinions from Plaintiff's treating physician, Dr. Slater, and any other opinion evidence as necessary, and provide legitimate reasons for the weight given to each opinion.

**SO ORDERED** this 25th day of September, 2020.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

9